**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

JASON MICHAEL KABLE,

Plaintiff,

v.                                                      CASE NO. 1:26-CV-160-HAB-ALT

ADAM J. KRUPP, et al.,

Defendants.

## OPINION AND ORDER

Plaintiff Jason Kable, proceeding without a lawyer, has filed a 26-count, 132-page complaint alleging that the Defendants[1] conspired to and engaged in actions to commit numerous torts and constitutional violations against him. (ECF 1). All the alleged actions relate to an ongoing divorce and custody proceeding in Jay Circuit Court.[2] (*Id.*).

Kable has also filed an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction." (ECF 4). His motion seeks to halt the enforcement of March 17, 2026, order by Judge Brian D. Hutchinson in his ongoing divorce and custody proceeding. (*Id.*). That order requires Kable to attend therapeutic visitation with a therapist before he could exercise any parenting time with his twelve minor children. (ECF 4-1). It also orders Kable to vacate the marital house, which he has temporary possession of, for six hours on April 11, 2026, so his wife Victoria can obtain some items she has been granted possession of. (*Id.*). Lastly, Judge Hutchinson ordered

---

[1] The Defendants include Indiana Department of Child Services ("DCS") Director Adam J. Krupp; Justin A. Littman, the Local Office Director for DCS in Jay County; Jay County DCS Attorney Yvonne M. Spillers; Jay County DCS Family Case Manager Whitney N. Nold; Jay Circuit Court Judge Brian D. Hutchinson, who is presiding over Kable's case; Donnie R. Miller, Jr., Assistant Police Chief for the Portland Police Department; Jay County Sheriff Larry Ray Newton, Jr.; Jay County Sheriff's Office Lieuetenant Tony E. Lennartz; Victoria M. Kable; and Michael J. Loogman.

[2] Under Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the record in these proceedings. *In Re: the Marriage of Victoria Marie Kable and Jason Michael Kable*, Cause No. 38C01-2507-DC-000065.

an appraisal of the marital property and ordered Kable not to interfere. (*Id.*). Kable asserts that the Jay Circuit Court has never established jurisdiction over his case, making all aspects of Judge Hutchinson's order unlawful.

"The standard for the issuance of a TRO is the same as that required to issue a preliminary injunction." *Right Field Rooftops, LLC v. Chicago Baseball Holdings, LLC*, 80 F. Supp. 3d 829, 833 (N.D. Ill. 2015) (citing *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014)). The movant must demonstrate (1) a likelihood of success on the merits, (2) that he or she will suffer irreparable harm absent injunctive relief, and (3) that he or she has no adequate remedy at law. *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762 (7th Cir. 2020) (citing *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008*)); Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). If those requirements are met, then the Court must balance the harm that party will suffer without injunctive relief against the harm the other party would suffer should the Court grant it. *See Incredible Techs.*, 400 F.3d at 1011. The Court must also consider the public interest in granting or denying an injunction. *See Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). Injunctive relief is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

Kable's claims have no likelihood of success on the merits. He asserts that Judge Hutchinson's order is unlawful because the Jay Circuit Court never established jurisdiction over him. But Kable lists his address as being in Portland, Indiana. (ECF 4, at 6). Portland is not only in Jay County, it is the county seat. Kable points to no authority suggesting this does not suffice for the Jay Circuit Court to exercise jurisdiction.

Even beyond the merits issues, nearly every well-established abstention doctrine cautions against this Court intervening in an ongoing state court case. Under the *Younger* abstention

doctrine, for example, Kable "cannot compel the adjudication of claims that would inject a federal court into a contested and ongoing family court custody dispute." *J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021); *see also Younger v. Harris*, 401 U.S. 37 (1971). State courts are "fully capable of respecting and adjudicating claims" regarding Kable's rights. *J.B.*, 997 F.3d at 724. All Kable's claims are entangled with the ongoing state family court proceedings, so abstention is appropriate.

The domestic-relations exception also applies. This "precludes federal jurisdiction when a plaintiff seeks 'one or more of the distinctive forms of relief associated with the domestic relations jurisdiction: the granting of a divorce or an annulment, an award of child custody, a decree of alimony or child support.'" *Dawaji v. Askar*, 618 Fed. App'x 848, 860 (7th Cir. 2015) (quoting *Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998); *Royal v. Wheeler*, No. 1:18-CV-412, 2019 WL 8334502, at *3 n.1 (N.D. Ind. Jan. 3, 2019) (noting the domestic relations exception "discourages federal courts from hearing cases—including both diversity and federal-question lawsuits—that would traditionally fall within the ambit of domestic-relations or family courts."). The order Kable takes issue with falls squarely within this exception's orbit. He asks this Court to halt enforcement of a state court order defining custody arrangements and setting the stage for the division of marital assets. These are distinctly domestic relations issues that this Court should not wade into.

Kable's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF 4) is DENIED.

**SO ORDERED** on April 10, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

3