**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| JASON MICHAEL KABLE,<br><br>Plaintiff,<br><br>v.<br><br>ADAM J. KRUPP, et al.,<br><br>Defendants. | CASE NO. 1:26-CV-160-HAB-ALT |

**OPINION AND ORDER**

Plaintiff Jason Kable, proceeding without a lawyer, originally filed a 26-count, 132-page complaint alleging that the Defendants[1] conspired to and engaged in actions to commit numerous torts and constitutional violations against him. (ECF 1). All the alleged actions relate to an ongoing divorce and custody proceeding in Jay Circuit Court.[2] (*Id.*). He also moved for a temporary restraining order and preliminary injunction, which this Court denied. (ECF 5). He has since filed an Amended Complaint of similar length and scope. (ECF 70).

Kable has also filed a Renewed Motion for Declaratory Judgment and Preliminary Injunction. (ECF 21). The motion purports to not be asking this Court to review the merits of a family court proceeding. (ECF 22). Instead, he asks this Court to enjoin several orders that were issued by Judge Brian D. Hutchinson because he claims he lacked jurisdiction to issue those orders

---

[1] The Defendants include Indiana Department of Child Services ("DCS") Director Adam J. Krupp; Justin A. Littman, the Local Office Director for DCS in Jay County; Jay County DCS Attorney Yvonne M. Spillers; Jay County DCS Family Case Manager Whitney N. Nold; Jay Circuit Court Judge Brian D. Hutchinson, who is presiding over Kable's case; Donnie R. Miller, Jr., Assistant Police Chief for the Portland Police Department; Jay County Sherriff Larry Ray Newton, Jr.; Jay County Sherriff's Office Lieutenant Tony E. Lennartz; Victoria M. Kable; and Michael J. Loogman.

[2] Under Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the record in these proceedings. *In Re: the Marriage of Victoria Marie Kable and Jason Michael Kable*, Cause No. 38C01-2507-DC-000065.

and those orders violated his First and Fourth Amendment rights. (*Id.*). The motion is fully briefed (ECF 40, 42, 43). Kable has since renewed his motion and requested a hearing. (ECF 99).

To obtain a preliminary injunction, the movant must demonstrate (1) a likelihood of success on the merits, (2) that he or she will suffer irreparable harm absent injunctive relief, and (3) that he or she has no adequate remedy at law. *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762 (7th Cir. 2020) (citing *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008*)); Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). If those requirements are met, then the Court must balance the harm that party will suffer without injunctive relief against the harm the other party would suffer should the Court grant it. *See Incredible Techs.*, 400 F.3d at 1011. The Court must also consider the public interest in granting or denying an injunction. *See Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). Injunctive relief is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

"The Declaratory Judgment Act provides that, '[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007) (quoting 28 U.S.C. § 2201(a)). Granting declaratory relief is only appropriate when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.*

Kable's claims sit no differently with this Court now than the first time he requested essentially the same relief. His claims have no likelihood of success on the merits. As the Court

explained in its first order, Kable has provided no facts or legal authority that would lead this Court to conclude Judge Hutchinson lacked jurisdiction to issue his orders. (ECF 5, at 2).

Kable attempts to recharacterize his case to avoid the fact that nearly every abstention doctrine instructs this Court not to intervene in his case. He cannot do so. The *Younger* abstention doctrine prohibits Kable from "compel[ling] the adjudication of claims that would inject a federal court into a contested and ongoing family court custody dispute." *J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021); *see also Younger v. Harris*, 401 U.S. 37 (1971). State courts are "fully capable of respecting and adjudicating claims" regarding Kable's rights. *J.B.*, 997 F.3d at 724. All Kable's claims are entangled with ongoing state family court proceedings.

Kable tries to dodge abstention by asserting that there are no ongoing proceedings because without jurisdiction, the proceedings are all void *ab initio*. He provides references to Indiana state court trial rules that he claims were not followed in initiating the proceedings. But nothing in these arguments indicate that Judge Hutchinson lacked jurisdiction to issue the orders he did.

The domestic-relations exception further "precludes federal jurisdiction when a plaintiff seeks 'one or more of the distinctive forms of relief associated with the domestic relations jurisdiction: the granting of a divorce or an annulment, an award of child custody, a decree of alimony or child support.'" *Dawaji v. Askar*, 618 Fed. App'x 848, 860 (7th Cir. 2015) (quoting *Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998). All of Kable's claims fall squarely within this exception's orbit. He asks this Court to block enforcement of state court orders defining custody arrangements and dividing marital assets. These are distinctly domestic relations issues that this Court should not wade into.

In sum, Kable seeks another bite at the apple for relief this Court has already denied him. He attempts to reframe the record to fit his narrative prove wholly ineffective. Both the *Younger*

abstention doctrine and the family-relations exception to federal jurisdiction still apply here, meaning the Court cannot grant Kable either form of relief he seeks.

Kable's Renewed Motion for Declaratory Judgment and Preliminary Injunction (ECF 21) and Motion to Set Renewed Motion for Declaratory Judgment and Preliminary Injunction for Hearing and for Expedited Ruling (ECF 99) are DENIED.

**SO ORDERED** on October 6, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT